IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | Criminal No. 3: 20-6 J |
|---|---|
| v. | FILED |
| JACKSON CURTIS MARTIN, III<br>AMANDA NICHELLE DOWNS<br>a/k/a "Amanda Martin" | MAY 19 2020<br>CLERK U.S. DISTRICT COURT<br>WEST. DIST. OF PENNSYLVANIA |

**INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Maureen Sheehan-Balchon, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a 5-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT(S) |
|---|---|---|---|
| 1-2 | Production and Attempted Production of Material Depicting the Sexual Exploitation of a Minor<br>December 2018 to on or about January 9, 2019 (Count 1)<br>December 2018 to on or about September 1, 2019 (Count 2) | 18 U.S.C. §§ 2251(a) and (e), and 2 | ALL DEFENDANTS |
| 3-5 | Possession of Material Depicting the Sexual Exploitation of a Minor<br>January 8, 2019 (Count 3)<br>January 9, 2019 (Count 4)<br>November 24, 2019 (Count 5) | 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) | MARTIN, III (Counts 3 & 5)<br>DOWNS (Count 4) |

## II. ELEMENTS OF THE OFFENSES

A.     As to Counts 1 and 2:

In order for the crime of Production and/or Attempted Production of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2251(a) and (e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, or attempted to do so, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2251(a).

2.     At the time of the offense, the minor was under the age of eighteen years.

Title 18, United States Code, Section 2251(a).

3.     That the defendant knew or had reason to know that such visual depiction would be transported in and affecting interstate and foreign commerce or was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

Title 18, United States Code, Section 2251(a) and 2.

B.     As to Counts 3, 4 and 5:

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct.

    Title 18, United States Code, Section 2252(a)(4)(B).

    2.    That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce.

    Title 18, United States Code, Section 2252(a)(4)(B).

    3.    That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

    Title 18, United States Code, Section 2252(a)(4)(B).

    4.    That the images involved prepubescent minors or minors who have not attained 12 years of age.

    Title 18, United States Code, Section 2252(b)(2).

### III. PENALTIES

**A.    As to Counts 1 and 2: Production and/or Attempted Production of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2251(a) and (e)):**

    1.    Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10 or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person has two or

more such prior convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(d)).

       2.       A fine of $250,000.00 (18 U.S.C. § 3571(b)(3)).

       3.       Supervised release for any term of years not less than 5, or life (18 U.S.C. § 3583(k)).

       4.       Any or all of the above.

       **B.**       **As to Counts 3, 4 and 5:  Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

       1.       Imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined under this title and imprisoned for not more than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years.

       2.       A fine of $250,000.00 (18 U.S.C. §3571(b)(3)).

       3.       A term of supervised release of at least 5 years, up to life (18 U.S.C. § 3583(k)).

       4.       Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

An additional special assessment of $5000.00 must be imposed at each count upon which the defendant is convicted, as the offense was committed after May 29, 2015, and the offenses are located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

With respect to Counts One and Two, pursuant to 18 U.S.C. § 2259A(a), an additional special assessment of not more than $50,000.00 shall be assessed per count of conviction, as the offenses were committed after December 7, 2018, and the offenses are for child pornography production as defined in 18 U.S.C. § 2259(c)(1).

Further, with respect to Counts Three through Five, pursuant to 18 U.S.C. § 2259A, an additional special assessment of not more than $17,000.00 shall be assessed, as the offense was committed after December 7, 2018, and the offense is under § 2252(a)(4).

## V. RESTITUTION

Restitution may be required in this case as to Counts 1 through 5, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 2259.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Maureen Sheehan-Balchon*
MAUREEN SHEEHAN-BALCHON
Assistant U.S. Attorney
PA ID No. 203184