

U.S. Department of Justice

*United States Attorney*
*Western District of Pennsylvania*

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                              *412/644-3500*

October 22, 2021

Douglas Sughrue, Esquire
429 Fourth Avenue, Suite 501
Pittsburgh, PA 15219

Re:   United States of America v.
      Jackson Curtis Martin, III
      Criminal No. 3:20-cr-06

Dear Mr. Sughrue:

This letter sets forth the agreement by which your client, Jackson Curtis Martin, III, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Jackson Curtis Martin, III and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Jackson Curtis Martin, III will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Jackson Curtis Martin, III, agrees to the following:

        1.    He will enter a plea of guilty to Counts One, Two, Three and Five of the Indictment at Criminal No. 3:20-cr-06, charging him with violating 18 U.S.C. §§ 2251(a) and (e) and 2; and 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), pursuant to Rule 11 of the Federal Rules of Criminal Procedure; that is, the defendant will plead guilty to production of material

LIMITED OFFICIAL USE

        depicting the sexual exploitation of a minor at Counts One and Two, in violation of 18 U.S.C. §§ 2251(a) and (e) and 2; and to possession of material depicting the sexual exploitation of a minor at Counts Three and Five, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).

2. He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts as the Court shall direct.

3. He agrees that restitution and any other financial obligations imposed by the Court are due and payable immediately after the judgment is entered, and subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payments due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

   Upon request of the United States, the defendant agrees to provide all information regarding his income, assets, and financial status, and that of his household. If requested, the defendant agrees to submit to an interview and/or deposition as to these matters and to undergo a polygraph examination. Upon request, the defendant agrees to complete a sworn financial statement and to provide all documents under the defendant's possession or control regarding the defendant's financial resources. The defendant authorizes the United States to obtain a credit report pertaining to him.

4. The defendant acknowledges and agrees that in accordance with 18 U.S.C. § 2259, mandatory restitution includes, but is not limited to, any minor victim of a child pornography offense charged under Chapter 110, United States Code. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing for restitution purposes, if necessary.

5. The defendant acknowledges and agrees that in accordance with 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

6. He will immediately notify the Court and the United States Attorney of any improvement in his economic circumstances that might increase his ability to pay restitution and that occurs from the date of this agreement until the completion of his sentence, including any term of supervised release.

Page 3

7. He will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. § 2253(a)(3) including but not limited to the following:

(a) One (1) LG cellular phone, serial number 805KPLC123680;
(b) One (1) Samsung S7 cellular phone, serial number R38H4039QLA;
(c) One (1) HTC cellular phone, serial number FA41AS902581;
(d) One (1) LG cellular phone, serial number 807VTPA0612664;
(e) One (1) Samsung Tablet, S/N: R52K8093D5V;
(f) One (1) Samsung Cell, S/N: R28K502M0LL;
(g) One (1) Samsung Cell, S/N: R31D52CTTVE;
(h) One (1) Samsung Tablet, S/N: R52K7036P2Z;
(i) One (1) Samsung Cell, S/N: 990005774598255 (IMEI);
(j) One (1) LG Cell, S/N: 812VTVR0708727 1 BG 1 EA 25;
(k) One (1) Samsung Cell w/case, S/N: R28M11P6TXH;
(l) One (1) LG Cell, S/N: 711CQGW0054911;
(m) One (1) ZTE Cell, S/N: 325776190DE5;
(n) One (1) Samsung Cell, S/N: R28M11PA7QL;
(o) One (1) Samsung Cell, S/N: 990006010855319;
(p) One (1) HTC Cell, S/N: FA621SX00559;
(q) One (1) ZTE Cell, S/N: 329F661319FA;
(r) One (1) Nextbook Tablet, S/N: YFGV0518016589;
(s) One (1) HP Laptop Computer, S/N: CND8480NT0;
(t) One (1) Gateway Laptop Computer w/power cord, S/N: NXY1UAA03030305B753400 (from black computer bag);
(u) One (1) Playstation 4, S/N: MD915059339;
(v) One (1) Arris Internet Router, S/N: 7BR2ULAED309582;
(w) One (1) Tivo Box, S/N: A900401903ED4FD;
(x) One (1) Tivo T6 Box, S/N: 848-4301-90A6-9DB0;
(y) One (1) Sharper Image Drone with Remote;
(z) One (1) Nano X3 Drone;
(aa) One (1) Craig Smartwatch, S/N: OVJW308;
(bb) One (1) Flash Drive;
(cc) One (1) Guardzilla Camera with Box, S/N: Z63-1PC983;
(dd) One (1) Coolpad Cellphone, S/N: 867441027088143;
(ee) One (1) Miscellaneous Documents and Photos; and
(ff) One (1) SIM Card.

8. He acknowledges that the above-described property was used to commit or promote the commission of the offenses charged in the Indictment at Criminal No. 3:20-cr-06.

9. He acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number

Page 4

      and he herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

10.    The United States of America and the defendant hereby agree that all of the computers, computer media and computer peripherals, named in the indictment, seized from the defendant, and currently in the custody and/or control of the government, were properly seized and were involved in or used in violation of Federal law by the defendant. The defendant agrees that such items are subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of that property by the United States. As such, the defendant hereby relinquishes all claim, title and interest he has in the above stated property to the United States of America and agrees not to oppose any civil, administrative or judicial forfeiture of the property. The defendant knowingly and voluntarily waives any right to timely notice provided for in 18 U.S.C. § 983.

11.    If the Court imposes a fine or restitution as part of a sentence of incarceration, Jackson Curtis Martin, III agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

12.    At the time Jackson Curtis Martin, III enters his plea of guilty, he will deposit a special assessment of $400 in the form of cash, check, or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

13.    Defendant further agrees to pay an assessment per relevant count of conviction pursuant to 18 U.S.C. § 2259A and 18 U.S.C. § 3014 as determined by the Court at the time of sentencing. Any assessments imposed shall be paid through the Office of the Clerk of District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

14.    Jackson Curtis Martin, III agrees to send all payments made pursuant to the court's restitution order to the Clerk of Court at the following address:

      Clerk of Court, U.S. Courthouse
      700 Grant Street
      Suite 3110, Pittsburgh, PA 15219

15.    As required by 18 U.S.C. §§ 3563(a)(8) and 3583(d), and the Sex Offender Registration and Notification Act (SORNA, 42 U.S.C. § 16901 et seq.), Jackson Curtis Martin, III agrees to report the address where he will reside and any subsequent change of residence to the probation officer responsible for his supervision, and further agrees to register as a convicted sex

offender under the law of any state in which he resides, is employed, carries on a vocation, or is a student.

16. Jackson Curtis Martin, III waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

17. Jackson Curtis Martin, III waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

   (a) If the United States appeals from the sentence, Jackson Curtis Martin, III may take a direct appeal from the sentence.

   (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Jackson Curtis Martin, III may take a direct appeal from the sentence.

Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

   1. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Jackson Curtis Martin, III in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.

   2. The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with

Page 6

        acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

    3.    The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.    Jackson Curtis Martin, III and the United States Attorney further understand and agree to the following:

    1.    The penalty that may be imposed upon Jackson Curtis Martin, III for each of Counts One and Two is:

        (a)    A term of imprisonment of not less than 15 years, and not more than 30 years, but if such person has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, Section 1591 of Chapter 77, or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be imprisoned for not less than 25 years, nor more than 50 years, but if such person has two or more such prior convictions, such person shall be imprisoned not less than 35 years, nor more than life (18 U.S.C. § 2251(d));

        (b)    A fine of not more than $250,000;

        (c)    A term of supervised release of not less than 5 years and up to life;

        (d)    A special assessment under 18 U.S.C. § 3013 of $100;

        (e)    An additional special assessment of $5,000.00 under the Justice for Victims of Trafficking Act, 18 U.S.C. § 3014(a);

        (f)    An additional special assessment, pursuant to 18 U.S.C. §2259A, per count, of no more than $50,000.00 if convicted of child pornography production as defined by 18 U.S.C. § 2259(c)(1).

        (g)    Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A, and 3664;

        (h)    Mandatory restitution under 18 U.S.C. § 2259 of not less than $3,000.00 per victim for any qualifying count of conviction.

Since the maximum penalty for an offense to which the defendant is pleading guilty is punishable by 25 years or more, pursuant to 18 U.S.C. §§ 3559 and 3561, defendant is not eligible for a sentence of probation.

2. The penalty that may be imposed upon Jackson Curtis Martin, III for each of Counts Three and Five is:

   (a)   A term of imprisonment of not more than 10 years;

   (b)   A fine of not more than $250,000;

   (c)   A term of supervised release of not less than 5 years and up to life;

   (d)   A special assessment under 18 U.S.C. § 3013 of $100;

   (e)   An additional special assessment of $5,000.00 under the Justice for Victims of Trafficking Act, 18 U.S.C. § 3014(a);

   (f)   An additional special assessment, pursuant to 18 U.S.C. §2259A, per count of no more than;$17,000.00 if convicted of 18 U.S.C. § 2252(a)(4) or § 2252A(a)(5);

   (g)   Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§ 3663, 3663A, and 3664;

   (h)   Mandatory restitution under 18 U.S.C. § 2259 of not less than $3,000.00 per victim for any qualifying count of conviction.

3. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

4. The parties stipulate that as to each of Counts One, Two, ~~Three and Five,~~ AND under § 2G2.1(a) of the Sentencing Guidelines, the base offense level is 32.

FEB. 9, 2022
MS-B  AUSA
JCM  DEFENDANT
DS  COUNSEL

5. As to Counts One and Two, the parties further agree that the base offense level, at each Count, should be raised by a total of 19 levels under the following subsections at § 2G2.1 of the Sentencing Guidelines, resulting in an adjusted offense level of 51, at each Count:

   (a)   2G2.1(b)(1)(a) (Minor Victim Under 12) 4 levels;

   (b)   2G2.1(b)(2)(A) (Involved Sexual Contact) 2 levels;

   (c)   2G2.1(b)(3) (Distribution) 2 levels;

   (d)   2G2.1(b)(4)(B) (Victim Toddler) 4 levels;

      (e)    2G2.1(b)(5) (Victim in Supervisory Control of Defendant) 2 levels;

      (f)    4B1.5(b)(1) (Repeated Sex Act Against Minor) 5 levels.

6. As to Counts Three and Five, the parties further agree that the base offense level, at each Count, should be raised by a total of 17 levels [*handwritten: IS 18*] under the following subsections at § 2G2.2 of the Sentencing Guidelines, resulting in an adjusted offense level at 35, at each Count:

      (a)    2G2.2(b)(2) (Minor Victim Under 12) 2 levels;

      (b)    2G2.2(b)(3)(F) (Distribution) 2 levels;

      (c)    2G2.2(b)(4)(B) (Victim Toddler) 4 levels;

      (d)    2G2.2(b)(5) (Pattern of Sexual Abuse) 5 levels;

      (e)    2G2.2(b)(6) (Use of Computer) 2 levels;

      (f)    2G2.2(b)(7)(D) (600+ Images) 2 levels.

7. The parties also agree that the adjusted base offense level should be lowered by a total of 3 levels under the following section of the Guidelines:

      (a)    3E1.1 (Acceptance of Responsibility).

8. These stipulations represent the parties' best understanding on the basis of the information available as of the date of this agreement. These stipulations are not binding on the Court and do not preclude the parties from bringing to the attention of the United States Probation Office or the Court any information not within their knowledge at the time this agreement is executed.

9. Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case, is a term of imprisonment of at least 30 years but not more than 35 years, a fine of up to $250,000, a life term of supervised release, a special assessment of $400, and restitution as determined by the Court.

    Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw his guilty plea.

    The parties further agree that no other enhancements, departures or variances are applicable or appropriate.

*Handwritten margin note: FEB. 9, 2022 / MS-B AUSA / JCM DEFENDANT / KS COUNSEL*

PARAGRAPH C.10. STRICKEN
MARCH 10, 2022
MS-B  AUSA
JCM  DEFENDANT
KS  COUNSEL

10. Defendant agrees that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

11. The parties agree that Jackson Curtis Martin, III shall have no contact by *any* means, including but not limited to direct, indirect, or third-party contact, whether electronic, in person, mail, telephonic, or through social media or online postings, with any of the minor victims in this case or any family member of the victims. THE EXCEPTION TO THIS PROVISION FOLLOWS AT BOTTOM OF THIS PAGE.

12. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Jackson Curtis Martin, III acknowledges that the willful failure to pay any fine may subject him to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

13. This agreement does not preclude the government from pursuing any civil or administrative remedies against Jackson Curtis Martin, III or his property.

14. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Jackson Curtis Martin, III and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature]*

STEPHEN R. KAUFMAN
Acting United States Attorney

EXCEPTION TO PARAGRAPH C.11. IS CONTACT WITH AMANDA DOWNS ABOUT MATTERS UNRELATED TO THE CASE AND ONLY IF AMANDA DOWNS CONSENTS TO SUCH COMMUNICATION THROUGH COUNSEL, WITH NOTIFICATION TO THE U.S. ATTORNEY'S OFFICE AND THE UNITED STATES PROBATION OFFICE.

MARCH 10, 2022
MS-B  AUSA
JCM  DEFENDANT
KS  COUNSEL

Page 10

I have received this letter from my attorney, Douglas Sughrue, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
JACKSON CURTIS MARTIN, III

11-1-21
Date

Witnessed by:

_____ 4/1/21
DOUGLAS SUGHRUE, ESQUIRE
Counsel for Jackson Curtis Martin, III