## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL DIVISION |
| vs. | Criminal No. 20-06 |
| JACKSON CURTIS MARTIN III, Defendant. | Judge Stephanie L. Haines |

**DEFENDANT MARTIN'S POSITION WITH RESPECT TO SENTENCING FACTORS**

AND NOW, comes the Defendant, Jackson Curtis Martin III, by and through his attorney, Douglas Sughrue, Esquire, filing this position with respect to sentencing factors. In support thereof, the following is averred:

Mr. Martin agrees with the information contained in the identifying data section of the report.

**PART A.    THE OFFENSE**

**Charges and Convictions**

Mr. Martin understands the statements contained in Part A paragraphs 1—12.

**Offense Conduct**

Mr. Martin understands that had this matter gone to trial the USA would have presented evidence to the factfinder via witness testimony and exhibits consistent with the statements asserted in paragraphs 13—24.

**Victim Impact**

Mr. Martin agrees with the statements in paragraphs 25, but notes that the 20-40 year state sentence along with the 30-35 year federal sentence will severely limit his ability to pay any funds to anyone.

**Adjustment for Obstruction of Justice**

Mr. Martin understands and agrees with the statement contained within paragraph 26 in the presentence investigation report and offers he never obstructed justice.

**Adjustment for Acceptance of Responsibility**

Mr. Martin understands and agrees with the statement in paragraph 27 that a BOL adjustment is warranted.

**Offense Level Computation**

Mr. Martin understands and agrees to the statements in paragraphs 28—69.

**PART B.   DEFENDANT'S CRIMINAL HISTORY**

**Juvenile Adjudications/Adult Convictions**

Mr. Martin understands the statements in paragraphs 70—73.

**Criminal History Computation**

Mr. Martin understands and agrees to the statements contained within paragraph 74 & 75.

**Other Criminal Conduct/Pending Charges/Other Arrests**

Mr. Martin understands the statements contained within paragraphs 76—80 and objects to the use of the statements in paragraphs 78—80 to fashion a sentence for Mr. Martin. Mr. Martin submits that these paragraphs should not be considered by this Court.

Mr. Martin also notes that the state plea agreement is for a 20-40 year sentence of incarceration. Currently, this means that Mr. Martin will serve his federal sentence and then be transferred to PA DOC to begin the parole process prior to being released.

**PART C.   OFFENDER CHARACTERISTICS**

Mr. Martin agrees generally with the statements contained in paragraphs 81—93.

**PART D.   SENTENCING OPTIONS**

Mr. Martin understands the statements contained in paragraphs 94—111. Mr. Martin notes that the 30 year statutory maximum sentence for counts 1 & 2 should be the sentence received. He further notes that he is 46 years old and will be 47 in September. Of the 30 year sentence, Mr. Martin is expected, under current law, to serve at least 25 years with the BOP if he receives all of his good time credit. Upon release from the BOP, Mr. Martin expects to be transferred to the PA DOC, at age 71 at the earilest, to serve the remainder of his 20-40 year sentence for the state charges. Only then, will he be permitted to go in front of the parole board to be considered for release.

Mr. Martin requests the minimum amount of restitution and costs be ordered. Mr. Martin has no family or close friends on the outside to provide him any additional credits or funds for commissary of other living niceties while incarcerated for the practical remainder of his natural life. The continued payment of substantial amounts of speculative restitution or cost reimbursements would only work to take away the minuscule earnings of Mr. Martin while in BOP custody. Lastly, in this case, restitution should go to the minor victim in this case and not an unknown minor to which Mr. Martin has no connection other than a image file being on his device(s).

**PART E.    FACTORS THAT MAY WARRANT DEPARTURE**

Mr. Martin understands the statement contained in Paragraph 112 and asks to be sentenced to the statutory maximum sentence of 30 years for counts 1 & 2 in this matter.

Respectfully submitted,

 /s/ *Douglas Sughrue*
Douglas Sughrue, Esquire