IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                              Criminal No. 3:20-cr-06

JACKSON CURTIS MARTIN, III

## UNITED STATES' SENTENCING MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Maureen Sheehan-Balchon, Assistant United States Attorney for said district, and submits this Sentencing Memorandum.

Upon consideration of all of the factors set forth in Title 18, United States Code, Section 3553(a), the government requests that the Court sentence the Defendant Jackson Curtis Martin, III, to the parties' agreed upon sentence range, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), as set forth in the plea letter. The Defendant raped and documented the sexual abuse of a then three-to-five-year-old child. The United States respectfully submits that a sentence of 30 to 35 years' imprisonment, with a life term of supervised release, is a fair, just, and reasonable sentence that reflects the seriousness of Defendant's conduct.

## I.    FACTUAL AND PROCEDURAL CONTEXT

1.    Defendant Jackson Curtis Martin has pleaded guilty to Counts One, Two, Three, and Five of a federal indictment that charged him with the Production of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2251(a) and (e) and 2 (Counts One and Two) and Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2) (Counts Three and Five).

2.      In Defendant's plea agreement, which was detailed on the record at the change of plea hearing on March 10, 2022, the Defendant stipulated to numerous sentencing enhancements. The parties also stipulated as to the minimum and maximum range of incarceration (30 to 35 years) and a life term of supervised release that this Court should impose, pursuant to Rule 11(c)(1)(C).

3.      The egregious nature of Defendant's offenses is well known to the Court, is detailed in the Presentence Investigation Report ("PSIR") and herein.  The government underscores the repeated sexual abuse endured by Minor A, and the documentation of said abuse by the Defendant, an adult entrusted with her care.

**Legal Context**

4.      Numerous courts have emphatically expressed the wretched and permanent consequences of child pornography.  In *United States v. Goff*, 501 F.3d 250, 258-59 (3d Cir. 2007), the Third Circuit noted:

> Children are exploited, molested, and raped for the prurient pleasure of Goff and others who support suppliers of child pornography. These small victims may rank as "no one else" in Goff's mind, but they do indeed exist outside his mind.  Their injuries and the taking of their innocence are far too real.  There is nothing "casual" or theoretical about the scars they will bear from being abused for Goff's advantage.

5.      The defendant in *United States v. MacEwan*, 445 F.3d 237, 249-50 (3d Cir. 2006), tried to downplay his receipt of child pornography by claiming that he was not a violent offender or a trafficker of guns or drugs.  The Third Circuit was not persuaded, reasoning:

> Congress found that "where children are used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." Moreover, Congress found little distinction in the harm caused by a pedophile, be he a distributor or mere consumer in child pornography, because the mere "existence of and traffic in child pornographic images creates the potential for many types of harm in

the community and presents a clear and present danger to all children." Furthermore, "it inflames the desires of ... pedophiles ... who prey on children, thereby increasing the creation of and distribution of child pornography and the sexual abuse and exploitation of actual children who are victimized as a result of the existence and use of these materials."

*Id*. (citations omitted); *See United States v. Gonzalez*, 445 F.3d 815 (5th Cir. 2006); *United States v. Duhon*, 440 F.3d 711, 718-20 (5th Cir. 2006); *United States v. Yuknavich*, 419 F.3d 1302, 1310 (11th Cir. 2005); *United States v. Grosenheider*, 200 F.3d 321, 332-34 (5th Cir. 2000).

6.     The district court in *United States v. Cunningham*, 680 F.Supp.2d 844, 847 (N.D. Ohio, 2010), *affirmed* 669 F.3d 723 (6th Cir.  2012), imposed a guideline-range sentence on a child pornography defendant. In denying the defendant's challenge to the legitimacy of the child pornography guideline, the court reasoned:

> There can be no keener revelation of a society's soul than the way in which it treats its children. Given the current statistics surrounding child pornography, we are living in a country that is losing its soul.
>
> Child pornography is a vile, heinous crime.  Mention the term to your average American and he responds with immediate disgust and a sense of unease.  However, once it enters the legal system, child pornography undergoes sterilization.   The sterilization goes far beyond properly removing emotion from sentencing decisions. Images are described in the most clinical sense.  Victims all too often remain nameless.   The only emotions on display are those of defendants, sorry that their actions were discovered by law enforcement.

**II.     PENALTIES / AVAILABLE SENTENCES**

7.     Each violation of 18 U.S.C. §§ 2251(a) and (e) and 2 carries a mandatory minimum of fifteen years' and maximum of thirty years' incarceration (Counts One and Two–Production of Material Depicting the Sexual Exploitation of a Minor).  The Defendant may not be sentenced to more than twenty years in prison for violating 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) (Counts Three and Five—Possession of Material Depicting the Sexual Exploitation of a Minor).  The

Defendant may also be sentenced to a term of supervised release of not less than five years to life at each count. 18 U.S.C. § 3583(k).

## III.    ADVISORY GUIDELINE RANGE

8.    The United States agrees with the guideline range, including the various enhancements pursuant to U.S.S.G. §2G2.1, as calculated by the Probation Officer in the PSIR. While the guideline imprisonment range is life, because the statutorily authorized maximum sentences are less than the minimum applicable guideline range of life, the guideline range is 360 months at each of Counts One and Two; and 240 months at each of Counts Three and Five.

## IV.    TITLE 18, UNITED STATES CODE, SECTION 3553(a)

9.    This Court must impose a sentence that is reasonable in light of the factors listed in Title 18, United States Code, Section 3355(a) (hereinafter "the Section 3553(a) factors").   In applying the Section 3553(a) factors, the Court must exercise its discretion, while recognizing and responding to all non-frivolous arguments of the parties.  *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006).  The district court's record should reflect "meaningful consideration of the relevant sentencing factors."  *Gall v. United States*, 552 U.S. 38 (2007); *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010); *United States v. Larkin*, 629 F.3d 177, 197 (3d Cir. 2010); *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).  However, the Court need not discuss each factor if the record makes clear that the Court took all relevant factors into account in imposing sentence.  *United States v. Thornhill*, 759 F.3d 299 (3d Cir. 2014); *Cooper*, *supra*, 437 F.3d 329. In sentencing the Defendant, the district court must articulate on the record that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007).  The Court need not discuss every defense argument, *United States v. Quiles*, 618 F.3d 383, 397 (3d Cir. 2010).  Section 3553(a)

directs federal courts to impose sentences that are sufficient to account for each of the relevant Section 3553(a) factors but not greater than necessary.

10.     When sentencing a defendant, the Court's reasoning must be guided by all of the sentencing considerations set forth in 18 U.S.C. § 3553(a), not just those related to a defendant's background.  *Wise*, 515 F.3d at 216-17; *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006). In pertinent part, these factors include:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law,  and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; ...

(3)     the kinds of sentences available;

(4)     the kinds of sentence and the sentencing range established for - (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines- ...

(5)     any pertinent policy statement- (A) issued by the Sentencing Commission ...

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)     the need to provide restitution to victims of the offense.

18 U.S.C. § 3553(a); *Id.*

11.     As stated, these factors do not involve merely a focus upon the defendant's background and the impact of the sentence on the defendant. Rather, a correct application of these factors to any case involves a balancing of all  factors, including consideration of the guidelines, the defendant's criminal conduct and its impact upon the victims in addition to  the defendant's background and history.  A singular focus on only the defendant is certainly not an appropriate manner in which to apply the § 3553 factors to this case.

12.     Under the serious and disturbing factors of this case, the Court should impose a sentence of 35 years' imprisonment, followed by lifetime term of supervised release, to sufficiently

account for each of the Section 3553(a) factors discussed below.

**a. The Nature and Circumstances of the Offense (18 U.S.C. § 3553(a))**

13.     Congress has explicitly recognized that child pornography offenses are "crimes of violence". Congress understood that the children used in the production of child pornography were the primary victims when it passed legislation prohibiting the sexual abuse and exploitation of children through pornographic means. *United States v. Boos*, 127 F.3d 1207, 1210 (9th Cir. 1997). The nature and circumstances of Defendant's offenses are serious, shocking, and indicative of true depravity. Additionally, given the relationship between the Defendant, his co-defendant Amanda Downs, and Minor A, the Defendant's crimes illustrate a disturbing betrayal of trust.

14.     While the offenders of most child pornography offenses do not involve direct contact with the children in the images; here, the Defendant's direct victimization requires a punishment that reflects the seriousness of his offenses and requires a substantial sentence to reflect the seriousness of the offenses, serve the ends of justice, and to protect the community.

15.     It defies logic to believe that the videos of rape and child sexual exploitation produced by the Defendant are not available on the internet and that Minor A will not live the rest of their life in the fear that others will discover them.  "The 'victimization' of the children involved does not end when the camera is put away." *United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998).  Consumers of child pornography, particularly consumers who produce child pornography, like the Defendant, contribute to the cycle of abuse and are in part responsible for the psychological and physical harm of the children used to produce the images.  *United States v. Yeaple*, 605 F. Supp. 85, 86 (M.D. Pa. 1985); *see also New York v. Ferber*, 458 U.S. 747, 759 (1982). Indeed, four members of the Supreme Court deemed child rape to be so serious that death could be imposed as a punishment.  *Kennedy v. Louisiana*, 554 U.S. 407, 447-70 (2008).

**b.  History and Characteristics of the Defendant (18 U.S.C. § 3553(a)(1))**

16.     The Defendant is now 46 years old. In the PSIR, the Defendant described his upbringing in terms that seem unremarkable, save the allegation of abuse by his father.  The Defendant did not describe any sexual abuse throughout his childhood or adult life.  The Defendant has developed manageable health issues since his incarceration.  The Defendant obtained his GED and attended, but did not complete college.   The Defendant was employed prior to his incarceration. The Defendant had the means and ability to be a contributing member of society. Instead, he repeatedly sexually victimized a young child in his care and documented that abuse. The Defendant's lack of a significant criminal history weighs in his favor with regard to this factor. However, the majority of sexual abuse offenders—a category that includes offenders charged with the production of child pornography, which the United States Sentencing Commission deems a "contact" offense—come before the court without prior criminal history or as a Criminal History Category I. *See* U.S. SENTENCING COMM'N, MANDATORY MINIMUM PENALTIES FOR SEX OFFENSES IN THE FEDERAL CRIMINAL JUSTICE SYSTEM, at 2 & fn. 4 and 23 (Jan. 2019) (available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2019/20190102_Sex-Offense-Mand-Min.pdf).

17.     The Defendant's mental health and substance abuse history do not inspire confidence in his rehabilitation.  If anything, these issues should cause the Court to have less confidence in Defendant's ability to be law abiding when released back into the community. His history of mental instability is not mitigating.  It renders him a greater danger to the community upon release.

18.     This case presents a situation where this Defendant violated the trust and dignity of a child who was dependent on him for care.  The Defendant has failed to express any  remorse for

the life-long trauma he has inflicted on Minor A and the hardship that Minor A's guardians are suffering.  The circumstances of this case have revealed the Defendant's history of sexual interest in children and willingness to act on that.  While co-defendant Downs controlled the Defendant's access to Minor A, the Defendant introduced the method of drugging Minor A.  As evidenced in the text message exchange between the two on November 24, 2018, during which the Defendant requested Downs' permission to drug Minor A and sexually assault the child while Downs watched and videotaped.  Downs responded, "We will see" and later, "Sure", clearly demonstrating the vile and repeated sexual abuse of Minor A.

### c. Seriousness of the Offense, Respect for the Law, Provision of Just Punishment (18 U.S.C. § 3553(a)(2)(A))

19.     The Defendant's sentence should reflect the gravity of the offense and the need for retribution such that the punishment fits the crime and the Defendant is punished justly.  *See Untied States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010).  The *Irey* court cited the Senate Report regarding this provision:

> This purpose—essentially the "just deserts" concept—should be reflected clearly in all sentences; it is another way of saying that the sentence should reflect the gravity of the defendant's conduct. From the public's standpoint, the sentence should be of a type and length that will adequately reflect, among other things, the harm done or threatened by the offense, and the public interest in preventing a recurrence of the offense.

*Id.* (citing *United States v. Pugh*, 515 F.3d 1179, 1188 (11th Cir. 2008) (quoting S. Rep. No. 98-225, at 75-76, 1984 U.S.C.C.A.N. 3258-59).  Because the "punishment should fit the crime, the more serious the criminal conduct is, the greater the need for retribution and the longer the sentence should be.  The seriousness of the crime varies directly with the harm it causes or threatens.  It follows that the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." *Id.*

20.     This concept is especially applicable in the instant case because "child sex crimes are among the most egregious and despicable of societal and criminal offenses."  *Id.*; *see also United States v. Foss*, 501 F.2d 522, 527 (1st Cir. 1974) (cited with approval in the legislative history of Section 3553(a)) ("[T]he view that punishment should fit the offender has never yet been held to eliminate general deterrence as a factor to be considered along with others . . . This is so even though general deterrence concerns itself not with the individual offender but with the sentence's impact on others.").

21.     The facts of the Defendant's offense are well-known to the Court.  Here, not only did the Defendant steal the innocence of his child victim—he produced a permanent record of it. In addition to Minor A, the Defendant victimized dozens of other children in his perverse and persistent acquisition and distribution of child sexual abuse materials.  The Clearfield Borough Police Department executed the search warrant at the Defendant's and Martin's residence in January of 2019.  Thousands of images depicting the sexual abuse of prepubescent minors and toddlers were recovered from the Defendant's devices.  Ten months later, when Martin was arrested on November 24, 2019, his current cell phone was seized and HSI agents discovered that Martin had downloaded the rape video produced by the Defendant and Downs from his Cloud-based storage on November 5, 2019, indicating that he maintained access to that video for months and had the ability to share it.  Dozens of other images depicting the sexual abuse of prepubescent minors and toddlers were recovered from the Defendant's cell phone.  The Defendant has irrevocably harmed Minor A and the other child victims depicted in images that he freely distributed and collected, and has shown no remorse for the damage and violence that he caused. The Defendant violated Minor A's trust and dignity.  As the Third Circuit in *United States v. Goff* observed, when Congress passed the Child Pornography Prevention Act of 1996, Congress found

that "where children are used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years."  501 F.3d 250, 259 (3d Cir. 2007) (citing Child Pornography Prevention Act of 1996 ("CPPA"), Pub. L. 104-208, sec. 121, 110 Stat. 3009-26, reprinted in 18 US.C. § 2251 note at 611); *see also United States v. MacEwan*, 445 F.3d 237, 249-50 (3d Cir. 2006).  The Supreme Court explained, "[c]hild pornography harms and debases the most defenseless of our citizens.  Both the State and Federal Governments have sought to suppress it for many years, only to find it proliferating through the new medium of the Internet."  *United States v. Williams*, 553 U.S. 285, 307 (2008).  Digital images can live on indefinitely and with them, so does the harm caused to the victims of child pornography.  The harm caused by the proliferation of these child sexual abuse images is untold.

22.    The seriousness of Defendant's offenses cannot be overstated.  For these reasons, the government's requested sentence of 30 to 35 years followed by lifetime supervised release promotes respect for the law and provides just punishment given the serious nature of Defendant's offenses.

**d.  Impact on Victims**

23.    Congress has plainly indicated that "[e]very instance of viewing images of child sexual abuse material represents a ...repetition of their abuse"   §  18 U.S.C. 2251, (Historical and Statutory Notes: Child Sexual abuse material Prevention of 2006, Pub.L.No. 109-248, Title V, ' 501, July 27, 2006, 120 Stat. 587, 623 (2006)). The words of Congress and many courts are echoes of the victims themselves.

24.    The victim impact statements provided by the tender-aged victim and her guardians demonstrate the terrible toll she and they have suffered. Minor A suffers from Post-Traumatic

10

Stress Disorder and night terrors, conditions that will last a lifetime.

25.     The impact of the Court's sentence, which the Defendant brought on himself, pales in comparison to the impact experienced by the child victims. Minor A's and her guardians outlook on life has been forever altered; their anguish and pain caused will never dissipate. The Defendant should receive the same mercy from the Court that he provided to the victim.

26.     Plainly, the negative consequences that the Defendant will experience from his conviction pale in comparison to the everlasting and devastating impact on this most innocent victim. The consequences for the Defendant were entirely foreseeable and of his own making. The victim and her guardians continue to suffer enormously when others may continue to entertain themselves with pictures of the young victim being raped.

27.     Victims depicted in child sexual abuse material consistently indicate that the continuing dissemination and collection of their abuse imagery is much more disturbing to them than the underlying abuse ever was. Their point is simple. The abuse ended at some point. The viewing and collection of the material memorializing their abuse never ends. Its continued consumption by depraved individuals is a constant and unceasing reminder that they can never be fully free of those wishing to receive gratification from their victimization.

**e.  Deterrence of Others (18 U.S.C. § 3553(a)(2)(B))**

28.     Congress, the Supreme Court, and the Sentencing Commission believe general deterrence is a very important factor when considering an appropriate sentence. *Irey*, 612 F.3d at 1206, (citing *Ferber*, 458 U.S. at 760 ("The most expeditious if not the only practical method of law enforcement may be to dry up the market for [child pornography] by imposing severe criminal penalties on persons selling, advertising, or otherwise promoting the product"); *Osbourne v. Ohio*, 495 U.S. 102, 109-10 (1990) ("It is also surely reasonable for the State to conclude that it will

decrease the production of child pornography if it penalizes those who possess and view the product, thereby decreasing demand"); *United States v. Goff*, 501 F.3d 250, 261 (3d Cir. 2007) ("Deterring the production of child pornography and protecting the children who are victimized by it are factors that should have been given significant weight at sentencing.")). In fact, courts have placed a high importance on the need for deterrence in cases of hands-on abuse of children due to the "heightened concern in sex offense cases with an offender's potential for recidivism." *United States v. Armendariz*, 451 F.3d 352 (5th Cir. 2006). As the *Armendariz* court noted: "[e]specially in the case of a sex crime—and particularly for one involving a child—the need for deterrence, protecting the public, and providing the offender with necessary correctional treatment are highly relevant factors that should [be] effectuated in the sentence . . . imposed." *Id.* at 362.

29.     In fact, the Sixth Circuit has reversed a district court that failed to see any importance in general deterrence. *See United States v. Bistline*, 665 F.3d 758, 767 (6th Cir. 2012). The district court stated "general deterrence ... will have little [if] anything to do with this particular case." *Id.* The Sixth Circuit found the district court's statement "inexplicable and in any event conflicts with our statement that 'general deterrence is crucial in the child pornography context[.]" *Id.* (citing *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010)).

30.     The Court is in a position to send a clear message to the community that those who abuse children will pay a very heavy price. The goal of deterrence is realized if even one child predator is deterred. A sentence of 35 years in prison and a lifetime term of supervised release will accomplish this goal. A sentence 30 years will not.

31.     To the extent the defense may argue for a 30-year sentence due to Defendant's age and the age he will be upon release from prison—there is ample evidence that even older men commit horrific crimes against children. *See United States v. Seljan*, 547 F.3d 993, 997-98 (9th

Cir. 2008) (en banc) (87-year-old defendant sentenced for sexually abusing children); *see also United States v. Zastrow*, 534 F.3d 854, 855 (8th Cir. 2008) (73-year-old man sentenced for enticing or coercing an 8-year-old girl into sexually explicit conduct which he photographed). Indeed, even if the Defendant is less likely to commit sexual assaults upon children after release from prison, scholarly research in this area demonstrates that sexual predators like Defendant often simply change their *modus operandus*. *See* Matt Hart, *The Geriatric Sex Offender: Senile or Pedophile?*, 32 Law & Psychol. Rev. 153 (2008) ("Research has shown that elder offenders are more likely to commit 'nonviolent' sexual offenses such as pedophilia or exhibitionism as opposed to 'violent' offenses such as forcible rape. Specific examples of these 'nonviolent' offenses include improperly touching an acquaintance, statutory rape, exposing of the genitals (usually to a minor), and other acts of exhibitionism.").

32. The Defendant's sexual abuse and documentation of the abuse of Minor A, demonstrates that the Defendant has a deviancy that has and will continue to put the community at risk regardless of his age. The government's requested sentence of 35 years followed by a life-term of supervised release, will adequately protect the community from Defendant.

**f. Protection of the Public from Further Crimes of the Defendant (18 U.S.C. § 3553(a)(2)(C))**

33. This factor requires the Court to consider the incapacitation or specific deterrence of the Defendant. *See Irey*, 612 F.3d at 1210. Since the Defendant clearly demonstrated that he has a sexual interest in children and persisted in that aberrant behavior after he knew that he was being investigated for it, the Court must protect Minor A and the community at large from the Defendant for as long as possible. Every day that the Defendant is removed from society is a day that the children of this community will be safer. Thus, a sentence of 35 years' imprisonment is sufficient, but not greater than necessary to satisfy this factor.

**g. Need to Avoid Sentencing Disparity (18 U.S.C. § 3553(a)(6))**

34.     The parties' recommended sentence range is within the guidelines and is not unreasonable, and certainly would not be anomalous in the context of production of child pornography and possession offenses in federal court.

**h. Restitution**

35.     Pursuant to 18 U.S.C. § 3663A, restitution is mandatory.  The government asks the Court to award restitution as set forth in the PSIR.  Thus far, five victims are requesting restitution.

36.     Additionally, under 18 U.S.C. § 2259, restitution to child pornography victims is mandatory.  A defendant must be ordered to pay "the full amount of the victim's losses," which may include "any costs incurred by the victim" for:

(a)     medical services relating to physical, psychiatric, or psychological care;
(b)     physical and occupational therapy or rehabilitation;
(c)     necessary transportation, temporary housing, and childcare expenses;
(d)     lost income;
(e)     attorneys' fees, as well as other costs incurred; and
(f)     any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(1) and (3).  A court may not decline to issue a restitution order because of "the economic circumstances of the defendant" or "the fact that a victim has received, or is entitled to receive, compensation for his or her injuries from the proceeds of insurance or any other source."  18 U.S.C. § 2259(b)(4)(B).

**V.     IMPOSITION OF SENTENCE**

37.     As noted in the PSIR, the Defendant has an open state case for the rape of Minor A and related charges.  If convicted of this offense, Defendant may face an additional term of imprisonment within the Commonwealth of Pennsylvania.  The United States is not a party to the resolution of those charges and requests that the Defendant serve the sentence imposed by this

14

Court in the Federal Bureau of Prisons as designated.

## VI.    CONCLUSION

38.    For all of the foregoing reasons, and in consideration of the facts and circumstances of this case, the government respectfully requests that the Court sentence the Defendant to  35 years' imprisonment, followed by a lifetime term of  supervised release.  In light of the seriousness of the Defendant's offenses and the irrevocable harm he inflicted on Minor A and the other child sexual exploitation victims, , when the Court considers all of the factors enumerated in 18 U.S.C. § 3553(a), it should conclude that the government's requested sentence is warranted, provides just punishment, and is not greater than necessary to address the Defendant's crimes and the factors at 18 U.S.C. § 3553(a).

Respectfully submitted,

CINDY K. CHUNG
United States Attorney


*/s/ Maureen Sheehan-Balchon*
MAUREEN SHEEHAN-BALCHON
Assistant U.S. Attorney
PA ID No. 78059