IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL DIVISION |
| vs. | Criminal No. 20-06 |
| JACKSON CURTIS MARTIN III,<br>      Defendant. | Judge Stephanie L. Haines |

**SENTENCING MEMORANDUM**

AND NOW, comes the Defendant, Jackson C. Martin, III, by and through his Attorney, Douglas Sughrue, Esquire, and respectively requesting that this Honorable Court afford Mr. Shaulis a statutory maximum sentence of 30 years for the offenses to which he has pled guilty.

Mr. Jackson has two pending cases. The matter in this Court is resolved for a sentence of 30-35 years. A state court matter out of Clearfield County is resolved for a 20-40 year sentence of incarceration concurrent to his federal sentence via a written plea agreement for the remaining state charges. Judge Cherry has indicated that this is the sentence he will order after consultation with the DA of Clearfield County and Mr. Jackson's attorney with the public defender's office during a status conference.

Mr. Jackson has been in federal custody since he was granted unsecured bail in Clearfield County by order of court dated February 25, 2021. Mr. Martin will have PA DOC credit from the date of his arrest in Clearfield County to February 25, 2021 at which time the BOP will award him time credit from that point into the future. Mr. Martin mentions this because the effective sentence for which he will be jailed is 40 years. To Counsel's current understanding, Mr. Martin will serve his BOP time first and then be released to PA DOC for consideration of parole. Mr. Martin will come up for PA DOC parole after 20 years, but he will not be present in their custody until he serves his federal sentence. Mr. Martin will serve 25 years in BOP if given a 30 year sentence and he earns and keeps all of his good time. Mr. Martin will not be eligible for additional time off his

sentence pursuant to the First Step Act.  Upon release from the BOP, Mr. Martin will be 71 years old.  Then, he will be released to the PA DOC for parole consideration.

A 30 year statutory maximum sentence is more than sufficient to serve the federal interests mentioned in §3553(a).  Mr. Martin submits that he has taken responsibility for his actions and as a result may spend the rest of his life in jail.  An additional 1-5 years for this matter would only act to punish Mr. Martin more harshly than the first 30 years did.  The additional time does not serve any federal interest especially in light of the state sentence he will still have to serve.

The actions of Mr. Martin in this matter and the state matter have been admitted.  He is sorrowful for his actions and apologizes to the minor and the minor's family.  No images were posted to any internet site.  The transmission was from phone to phone.  There is no other indication that any images of the minor were posted to any internet site.  Indeed, the devices in the possession of the USA would most likely reflect that particular act.  The production of the child sexual abuse material was a massive mistake, but that act was not made worse by selling it for profit or barter, privately or online.

WHEREFORE, for the foregoing reasons and in the interests of substantial justice, Mr. Martin respectfully requests that this Honorable Court sentence him to a period of incarceration of 30 years, lifetime supervised release, restitution as per the plea agreement, and sexual offenders' treatment and counseling offered by the BOP.  Mr. Martin submits that this sentence is sufficient, but not greater than necessary to achieve all the sentencing goals pursuant to Title 18 U.S.C. §3553(a).

                                        Respectfully submitted,

                                         /s/ Douglas Sughrue
                                        Douglas Sughrue, Esq.