IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:20-6-1 |
| | ) Judge Stephanie L. Haines |
| JACKSON CURTIS MARTIN III | ) |

## TENTATIVE FINDINGS AND RULINGS

AND NOW, this 19th day of June, 2022, pursuant to Local Criminal Rule 32.C.7, the Court hereby makes the following tentative findings and rulings as to Jackson Curtis Martin III ("Defendant") in this case.

### I.    Background

On May 19, 2020, a grand jury returned a five-count Indictment against Defendant and Amanda Nichelle Downs [Doc. 20]. Defendant was charged at Counts One and Two with production of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and (e); and at Counts Three and Five with possession of material depicting the sexual exploitation of a minor in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). On March 10, 2022, Defendant pled guilty to Counts One, Two, Three and Five [Doc. 101].

On March 10, 2022, the Court entered a sentencing order setting procedures and deadlines for sentencing in accordance with Local Criminal Rule 32 [Doc. 103]. On May 17, 2022, the United States Probation Office disclosed to the Court, the Government and defense counsel the Final Presentence Investigation Report ("PSR") [Doc. 106]. On May 20, 2021, the Government filed a Position with Respect to Sentencing Factors adopting the findings set forth in the PSR [Doc.

110]. On May 23, 2022, Defendant filed a Position with Respect to Sentencing Factors indicating no substantive objections to the guideline calculations set forth in the PSR [Doc. 114].

On June 3, 2022, the Probation Office disclosed the Addendum to the PSR [Doc. 118]. On June 14, 2022, the Government filed a Sentencing Memorandum requesting a sentence of 35 years' imprisonment, the high end of the sentencing range agreed upon in the parties' Rule 11(c)(1)(C) plea agreement [Doc. 120]. On June 16, 2022, Defendant filed a Sentencing Memorandum requesting a sentence of 30 years' imprisonment, the low end of the sentencing range agreed upon in the parties' Rule 11(c)(1)(C) plea agreement [Doc. 122].

## II.     Guidelines Calculations

Initially, the Court recognizes that after the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), the United States Sentencing Guidelines ("the Guidelines") are merely advisory upon this Court. *See also Gall v. United States*, 552 U.S. 38 (2007); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009). Nevertheless, the Court still shall consider the Guidelines as one factor, along with the other factors enumerated in 18 U.S.C. § 3553(a), in determining a defendant's sentence. Accordingly, pursuant to the Guidelines, the Court makes the following calculations:[1]

> 1. Pursuant to U.S.S.G. § 3D1.1(a), when a defendant has been convicted of more than one count, the Court shall: (1) group the counts into distinct Groups of related counts pursuant to U.S.S.G. § 3D1.2; (2) determine the offense level applicable to each Group pursuant to U.S.S.G. § 3D1.3; and, (3) determine the combined offense level applicable to all Groups together pursuant to U.S.S.G. § 3D1.4.

---

[1] Because there is no *ex post facto* issue here, the 2021 Guidelines Manual has been used to calculate Defendant's advisory guideline range. *See* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

2

Here, Defendant has pled guilty to four counts. The offense level for Defendant's convictions at Counts One and Two for violating 18 U.S.C. § 2251(a) is governed by U.S.S.G. § 2G2.1, and the offense level for his convictions at Counts Three and Five for violating 18 U.S.C. §§ 2252(a)(4)(B) is governed by U.S.S.G. § 2G2.2.

Pursuant to U.S.S.G. § 3D1.2(d), offenses covered by U.S.S.G. § 2G2.2 are to be grouped into a single Group, as they allege substantially the same harm. Thus, Counts Three and Five are to be grouped into a single Group. However, U.S.S.G. § 3D1.2(d) explicitly excludes offenses covered by U.S.S.G. § 2G2.1 from the Guidelines grouping rules. Accordingly, Counts One and Two may not be grouped together, or with the Group consisting of Counts Three and Five. Accordingly, the Court first must determine the offense level applicable to each of the three Groups, then determine the combined offense level under § 3D1.4.

**Group One – Counts Three and Five**

2. Pursuant to U.S.S.G. § 2G2.2(a)(1), Defendant's base offense level for the Group consisting of Counts 3 and 5 is **18** because he has pled guilty at those counts to possession of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4)(B).

3. Pursuant to U.S.S.G. § 2G2.2(b)(2), a **2**-level increase is warranted because the material possessed involved a prepubescent minor or a minor who had not attained the age of 12 years.

4. Pursuant to U.S.S.G. § 2G2.2(b)(3)(F), a **2**-level increase is warranted because Defendant knowingly engaged in distribution, other than distribution described in subdivisions (A) through (E), as defined in U.S.S.G. § 2G2.2, appl. n. 1 and 2.

5. Pursuant to U.S.S.G. § 2G2.2(b)(4)(B), a **4**-level increase is warranted because the offense involved material that portrays the sexual abuse or exploitation of an infant or toddler.

6. Pursuant to U.S.S.G. § 2G2.2(b)(5) a **5**-level increase is warranted because Defendant engaged in a pattern of activity involving the sexual exploitation of a minor from December 2018 through November 24, 2019.

7. Pursuant to U.S.S.G. § 2G2.2(b)(6), a **2**-level increase is warranted because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt or distribution of the material, or for accessing with intent to view the material.

3

8. Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), a **5**-level increase is warranted because the offense involved 600 or more images. Here, Defendant possessed approximately 2,286 images of child sexual exploitation.

9. There are no victim-related, role-related or obstruction of justice adjustments applicable to the Group consisting of Counts Three and Five.

10. Based on the above, Defendant's adjusted offense level for the Group consisting of Counts Three and Five is **38**.

**Group Two - Count One**

11. Pursuant to U.S.S.G. § 2G2.1(a), Defendant's base offense level for Count One is **32**.

12. Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), a **4**-level increase is warranted because the offense involved a minor who had not attained the age of 12 years.

13. Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), a **2**-level increase is warranted because the offense involved the commission of a sexual act or sexual conduct.

14. Pursuant to U.S.S.G. § 2G2.1(b)(3), a **2**-level increase is warranted because Defendant knowingly engaged in the distribution of the images and videos. *See* U.S.S.G. § 2G2.1 appl. n. 3.

15. Pursuant to U.S.S.G. § 2G2.1(b)(4)(B) a **4**-level increase is warranted because the offense involved material that portrays a toddler.

16. Pursuant to U.S.S.G. § 2G2.1(b)(5), a **2**-level increase is warranted because Defendant was a parent, relative or legal guardian of the minor involved in the offense, or the minor otherwise was in the custody, care or supervisory control of the Defendant. Here, the minor involved in the offense was Defendant's stepdaughter.

17. There are no victim-related, role-related or obstruction of justice adjustments applicable to Count One.

18. Based on the above, Defendant's adjusted offense level for Count One is **46**.

**Group Three - Count Two**

19. Pursuant to U.S.S.G. § 2G2.1(a), Defendant's base offense level for Count Two is **32**.

4

20. Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), a **4**-level increase is warranted because the offense involved a minor who had not attained the age of 12 years.

21. Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), a **2**-level increase is warranted because the offense involved the commission of a sexual act or sexual conduct.

22. Pursuant to U.S.S.G. § 2G2.1(b)(3), a **2**-level increase is warranted because Defendant knowingly engaged in the distribution of the images and videos. *See* U.S.S.G. § 2G2.1 appl. n. 3.

23. Pursuant to U.S.S.G. § 2G2.1(b)(4)(B) a **4**-level increase is warranted because the offense involved material that portrays a toddler.

24. Pursuant to U.S.S.G. § 2G2.1(b)(5), a **2**-level increase is warranted because Defendant was a parent, relative or legal guardian of the minor involved in the offense, or the minor otherwise was in the custody, care or supervisory control of the Defendant. Here, the minor involved in the offense was Defendant's stepdaughter.

25. There are no victim-related, role-related or obstruction of justice adjustments applicable to Count Two.

26. Based on the above, Defendant's adjusted offense level for Count Two is **46**.

**Multi-count Adjustment**

27. Pursuant to U.S.S.G. § 3D1.4, the combined offense level is determined by taking the offense level applicable to the Group with the highest level and increasing that offense level by the amount indicated in the table set forth in § 3D1.4. Pursuant to U.S.S.G. § 3D1.4(a), the Group with the highest offense level counts as one unit, and each Group that is equally serious or 1 to 4 levels less serious counts as one additional unit. Any Group that is 5 to 8 levels less serious than the highest Group counts as one-half unit. *See* U.S.S.G. § 3D1.4(b).

Here, the highest adjusted offense level is 46 for both Counts One and Two. Thus, both are equally serious and count as one unit each under U.S.S.G. § 3D1.4(a). The Group consisting of Counts Three and Five, with an adjusted offense level of 38, is 8 levels less serious and counts as one-half unit under U.S.S.G. § 3D1.4(b). The total number of units therefore is 2 ½. Pursuant to the table set forth in U.S.S.G. § 3D1.4, the offense level applicable to the highest group – 46 - is to be increased by 3 levels based on 2 ½ units, resulting in a **combined offense level** of **49**.

28. **Chapter Four Enhancement**: Pursuant to U.S.S.G. § 4B1.5(b)(1), because Defendant's offenses of conviction are covered sex crimes, neither § 4B1.1 nor § 4B1.5(a) apply, and Defendant engaged in a pattern of sexual activity involving prohibited sexual conduct. Therefore, Defendant is a repeat and dangerous sex offender against minors, and the offense level shall be 5 plus the offense level determined under Chapters 2 and 3 of the Sentencing Guidelines, which in this case is **54.**

29. Pursuant to U.S.S.G. § 3E1.1(a), Defendant is entitled to a 2-level decrease in the adjusted offense level because he clearly has demonstrated acceptance of responsibility for his offenses. In addition, pursuant to U.S.S.G. § 3E1.1(b), Defendant is entitled to an additional 1-level decrease in his adjusted offense level because he timely notified authorities of his intention to enter a plea of guilty.

30. Based on the above, Defendant's total offense level is 51. However, in a rare case such as this when the total offense level is more than 43, the offense level is to be treated as an offense level of 43. *See* U.S.S.G. Ch. 5, Part A, appl. n. 2. Accordingly, Defendants' **total offense level** is **43**.

31. Based on the information set forth in the PSR, to which neither party has objected, Defendant's total criminal history score is 0. Pursuant to U.S.S.G. Chapter 5, Part A, a criminal history score of 0 results in a criminal history category of I.

32. The Court finds that there are no factors present at this time which would warrant the exercise of this Court's discretionary authority to depart from the Guidelines under U.S.S.G Chapter 5, Section K.

### III. Sentencing Options

By statute and based on the above calculations under the Guidelines, Defendant is subject to imposition of the following potential sentence:

1. *Statutory Provision for Custody*: Pursuant to 18 U.S.C. § 2251(a) and (e), the minimum term of imprisonment which shall be imposed at each of Counts One and Two is **not less than 15 years** and the maximum term which may be imposed is **not more than 30 years**. Pursuant to 18 U.S.C. § 2252(b)(2), the maximum term of imprisonment which may be imposed at each of Counts Three and Five is **not more than 20 years** because the offenses involved a prepubescent minor or a minor who had not attained 12 years of age. Counts One and Two are Class B felonies under 18 U.S.C. §

6

3559(a)(2). Counts Three and Five are Class C felonies under 18 U.S.C. § 3559(a)(3).

**Guideline Provision for Custody**: Pursuant to U.S.S.G., Chapter 5, Part A, based on a total offense level of 43 and a criminal history category of I, Defendant's advisory guideline sentencing range is life imprisonment, which falls within Zone D of the Sentencing Table. However, because the statutorily authorized maximum sentence at each of Counts One, Two, Three and Five is less than the applicable guideline range of life, the statutorily authorized maximum sentence of 360 months at Counts One and Two and 240 months at Counts Three and Five shall be the guideline sentence. *See* U.S.S.G. § 5G1.1(a).

2. **Impact of Plea Agreement**: Pursuant to the parties' Rule 11(c)(1)(C) plea agreement, the parties agreed that the appropriate sentence in this case is a term of imprisonment of at least 30 years, but not more than 35 years, a fine of up to $250,000, a life term of supervised release, a special assessment of $400, and restitution as determined by the Court.

3. **Statutory Provision for Supervised Release**: Pursuant to 18 U.S.C. § 3583(k), the authorized term of supervised release at each of Counts One, Two, Three and Five is 5 years to life per count. Pursuant to U.S.S.G. § 3624(e), multiple terms of supervised release shall run concurrently.

**Guideline Provision for Supervised Release**: Pursuant to U.S.S.G. § 5D1.2(b)(2) and (c), the authorized term of supervised release imposed at each of Counts One, Two, Three and Five under the guidelines shall be not less than the statutorily required term of supervised release of not less than 5 years, and may be up to life, because the offenses of conviction are sex offenses. Because the offense is a sex offense, the guidelines recommend the statutory maximum term of supervised release. U.S.S.G. § 5D1.2(b) (Policy Statement). However, the guidelines are advisory. *Booker*, 543 U.S. 220.

4. **Statutory Provision for Probation**: Pursuant to 18 U.S.C. § 3561(a)(2), Defendant is not eligible for probation at Counts One and Two because probation is expressly precluded by statute for those offenses, which carry mandatory minimum terms of imprisonment. See 18 U.S.C. § 2251(a) and (e). Pursuant to 18 U.S.C. § 3561(a)(3), Defendant is not eligible for probation at Counts Three and Five because he will be sentenced at the same time to a mandatory term of imprisonment at Counts One and Two.

7

    ***Guideline Provision for Probation***: Pursuant to U.S.S.G. § 5B1.1(b)(2), Defendant is not eligible for probation at Counts One and Two because probation is expressly precluded by statute for those offenses, which carry mandatory minimum terms of imprisonment. Pursuant to U.S.S.G. § 5B1.1(b)(3), Defendant is not eligible for probation at Counts Three and Five because he will be sentenced at the same time to a mandatory term of imprisonment at Counts One and Two.

5.   ***Statutory Provision for Fine***: Pursuant to 18 U.S.C. § 3571(b)(1), the maximum authorized statutory fine at <u>each</u> of Counts One Two, Three and Five is $250,000.

    ***Guideline Provision for Fine***: Pursuant to U.S.S.G. §§ 5E1.2(c)(3), the advisory fine range is $50,000 to $500,000. The Court finds that Defendant is unable to pay and is not likely to become able to pay any fine. U.S.S.G. § 5E1.2(a).

6.   ***Mandatory Special Assessment***: Pursuant to 18 U.S.C. § 3013(a)(2)(A), Defendant is subject to a mandatory special assessment of $100 at <u>each</u> of Counts One, Two, Three and Five. In addition, because Defendant is subject to the provisions of the Justice for Victims of Trafficking Act of 2015, an additional special assessment of $5,000 <u>per count</u> is mandatory on any non-indigent defendant convicted of an offense relating to the sexual exploitation of children. 18 U.S.C. § 3014(a). Defendant also is subject to the provisions of the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, which provides that, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess (1) not more than $17,000 on any person convicted of an offense under 18 U.S.C. § 2252(a)(4) or § 2252A(a)(5); (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense. 18 U.S.C. § 2259A(a). The court shall consider the factors in 18 U.S.C. §§ 3553(a) and 3572 when ordering this assessment. *See* 18 U.S.C. § 2259A(c).

7.   ***Statutory and Guideline Provision for Restitution***: Restitution is mandatory pursuant to 18 U.S.C. § 3663A. Because Defendant has pled guilty at Counts Three and Five to child pornography trafficking offenses as defined in 18 U.S.C. § 2259(c)(3), restitution is also mandatory as set forth in 18 U.S.C. § 2259(b)(2). Under that section, the Court must determine the full amount of the victim's losses and order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000.

8. ***Forfeiture***: Pursuant to the Preliminary Order of Criminal Forfeiture entered by this Court on May 26, 2022 [Doc. 116], and pursuant to 18 U.S.C. § 2253(a)(3), Defendant shall forfeit to the United States the multiple electronic devices, accessories, documents and photos as set forth in detail in that Order.

9. ***Denial of Federal Benefits***: The denial of Federal Benefits is not applicable in this case.

## IV. Conclusion

The Court will receive evidence, including testimony, and hear argument regarding these tentative findings and rulings, as well as any request for a variance and any other motions and responses thereto, at the time and place of sentencing, currently set for **June 21, 2022**.

*[signature]*
Stephanie L. Haines
United States District Judge

cc/ecf:   All counsel of record
          U.S. Probation Office

9